**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **CRIMINAL NO. TDC-23-006** |
| **v.** | * | |
| | * | |
| **OLUSEGUN SAMSON ADEJORIN,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | * | |
| | ******* | |

**<u>GOVERNMENT'S RESPONSE TO DEFENDANT'S MEMORANDUM IN AID OF SENTENCING</u>**

The United States of America, by and through its undersigned counsel, hereby submits the following response to Defendant's memorandum in aid of sentencing in the above-captioned case.

## I. <u>It Is At Least More Likely Than Not the Defendant Is Directly Responsible For the Fraud</u>

Evidence at trial showed the Defendant's deep involvement in the fraud scheme. *See, e.g.*, Exhibits 354B, 354C, 354D, 354F, 354G (charts showing an overwhelming number of links between the Defendant and the fraud across various servers and accounts); *see also, e.g.*, 362A, 362B, 362C, 362D (charts showing the use of the relevant accounts by the Defendant before, during, and after the fraud scheme). The explanation most supported by the evidence is the simplest one: the Defendant is the one who committed this fraud – personally.

The Defendant offers no new argument or evidence in his sentencing memorandum. He doubles down on minimizing his involvement and dismissing the evidence that led to a unanimous jury verdict and the various sentencing enhancements the evidence at trial supports. (*See generally* ECF No. 81 (the "Defense Memorandum").) When seeking to apply those enhancements, "[t]he Government must prove disputed Guidelines enhancements by a

*preponderance* of the evidence, which 'simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence.'" *United States v. Solomon*, 2026 WL 2150973, at *1 (4th Cir. July 27, 2026) (emphasis added). The Government did so not only with respect to the Defendant's overall guilt, but with respect to the circumstances justifying the sought enhancements.

## II. <u>The Defense's "Server Project" Theory Is Inconsistent With What Was Demonstrated at Trial</u>

The Defendant insists his role "was limited to setting up the server and the creation of email addresses" and that "the full scope of what others may have planned and eventually attempted and/or accomplished regarding the objective of the fraudulent conspiracy was beyond the knowledge of the Defendant and was not reasonably foreseeable to him." (Defense Memorandum at 3.) The position makes no sense.

Presumably the Defendant argues that he only aided and abetted the crimes for which he was convicted. Even if this Court were to entertain the Defendant's theory, which it need not, the Court instructed the jury at trial how to find the Defendant guilty under an aiding and abetting theory:

> In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly associated himself in some way with the crime, and that he participated in the crime by doing some act to help make the crime succeed. To establish that the defendant knowingly associated himself with the crime, the Government must establish that the defendant knew that another person was executing or attempting to execute a scheme knowingly and willfully and with the intent to defraud. To establish that the defendant participated in the commission of the crime, the Government must prove that the defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

(*See* Jury Instruction for Aiding and Abetting.) The Defendant must concede that a jury, if it were to find him guilty under an aiding and abetting theory, would have to find he "knowingly associated" himself with the crime, which meant he "knew that another person was executing or

attempting to execute a scheme knowingly and willfully and with the intent to defraud" and that he engaged in some affirmative conduct or overt act "for the specific purpose of bringing about that crime." *Id.*

The Defendant admits he created the accounts and servers involved in the fraud scheme, including the email account "lsembrano@ortamerica.org" that impersonated ORT America controller Lily Joy Sembrano, the email account "EOSPrivate101@gmail.com" that harvested and kept the login credentials of the Federation's CFO Isabella Yusimova, the servers used to communicate with the Federation and view the fake website the Federation created in response to its intrusion, and the email accounts that maintained access to these servers.

It beggars disbelief that a self-proclaimed computer security expert like the Defendant created and used this complex infrastructure – knowing it was for someone else "executing or attempting to execute a scheme knowingly and willfully and with the intent to defraud," and that the Defendant's infrastructure was "for the specific purpose of bringing about that crime" – but the Defendant did not know the fraud scheme's scope and claim what happened was not reasonably foreseeable.

Moreover, for Guidelines purposes, the applicable Guidelines shall be determined on the basis of "*all acts* and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." U.S.S.G. §1B1.3(a)(1)(A) (emphasis added); *cf.* U.S.S.G. §1B1.3(a)(1)(A) App. Note 4(B)(i) ("Defendant C is the getaway driver in an armed bank robbery in which $15,000 is taken and a teller is assaulted and injured. Defendant C is accountable for the money taken under subsection (a)(1)(A) because he aided and abetted the act of taking the money (the taking of money was the specific objective of the offense he joined).").

## III. A §2B1.1(b)(9)(A) Guidelines Enhancement for Misrepresentation Is Appropriate

The Defendant argues that the §2B1.1(b)(9)(A) Guidelines enhancement does not apply. But the enhancement applies "[i]f the offense involved a misrepresentation that the defendant was acting on behalf of a charitable, educational, religious, or political organization, or a government agency." U.S.S.G. §2B1.1(b)(9)(A). Evidence at trial showed this type of misrepresentation was central to the Defendant's fraud scheme: he misrepresented requests on behalf of one charitable organization, ORT America, to withdraw money it deposited with another charitable organization, the Federation.

The Defense's resort to Guidelines commentary for interpretive purposes is unnecessary because this Guideline is not ambiguous. *See Kisor v. Wilkie*, 588 U.S. 558, 573 (2019)); *see also United States v. Mitchell*, 120 F.4th 1233, 1238-41 (4th Cir. 2024) (establishing that *Kisor* is the appropriate framework for deference to Sentencing Commission commentary). The Fourth Circuit explained: "*the Sentencing Commission was clear*—the enhancement [under §2B1.1(b)(9)(A)] encompasses any fraud that 'involved a misrepresentation.'" *United States v. White*, 850 F.3d 667, 675 (4th Cir. 2017) (emphasis added). There is nothing in the text of the Guideline to limit its applicability to fraudulent fundraising. And even though *White* predates *Kisor*, the analysis is the same because the Fourth Circuit at the time "only turn[ed] to the commentary when the implicated Guideline [was] ambiguous." *White*, 850 F.3d at 675.

Even if this Court were to consider the commentary to this unambiguous Guideline, which it need not, the Defense too narrowly interprets the term "benefit". The defendant in *White* fabricated IRS notices to his victim to induce the victim to send money to the defendant's bank account. *See, e.g.*, *White*, 850 F.3d at 670-71. The Court found §2B1.1(b)(9)(A) applied, even though the "benefit" to the IRS was satisfying a federal tax obligation. *See id.* at 674-75.

## IV. CONCLUSION

The Defendant's memorandum presents an interpretation of the jury's verdict and the evidence at trial that is wholly inconsistent with the actual evidence. That interpretation should be rejected. The Defendant's memorandum also incorrectly interprets the §2B1.1(b)(9)(A) Guidelines enhancement.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: /s/
Joshua A. Rosenthal
Darren S. Gardner
Assistant United States Attorneys